# MEMORANDUM DECISIONS.

ABRAMS, Appellant, v. TAYLOR et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 9, 1905.) Action by Walter Abrams against John A. Taylor and another. No opinion. Motion denied.

ALEXANDER, Appellant, v. FOURTEENTH ST. BANK, Respondent. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by Peter Alexander, as trustee, against the Fourteenth Street Bank. W. C. Rosenberg, for appellant. R. H. Mitchell, for respondent. No opinion. Judgment affirmed, with costs.

ALLEN, Appellant, v. GRAY et al., Respondents. (Supreme Court, Appellate Division, First Department. June 23, 1905.) Action by G. Edgar Allen, as trustee, against William H. Gray and another. C. W. Stapleton, for appellant. A. Benedict, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

ALLISON, Respondent, v. WOOLVERTON, Appellant. (Supreme Court, Appellate Term. June 26, 1905.) Appeal from Municipal Court, Borough of Manhattan, Third District. Action by James M. Allison against William H. Woolverton, as president, etc. From a judgment in favor of plaintiff, defendant appeals. Affirmed. Lockwood & Hill (Joseph E. Russell, of counsel), for appellant. M. T. Corcoran, for respondent.

PER CURIAM. Judgment affirmed, with costs.

SCOTT, P. J. (dissenting). The principal question involved in this action is whether or not the defendant ever received the trunk, the value of which plaintiff seeks to recover. It appears that on November 3, 1904, one Deland, acting for plaintiff, employed defendant, an express company, to remove a trunk from a boarding house or hotel in this city, to an address in Washington Square. Deland at the time gave defendant a written order, paid 40 cents, and received a printed check, showing the date, amount paid, destination, and terms of the contract. The office at which the order was given was less than three city blocks from the place from which the trunk was to be taken. The sole evidence of delivery upon which plaintiff relies is that given by a young woman, the daughter of and cashier for the proprietor of the boarding house, who says that on some day a man wearing a cap with the name "New York Transfer Company" on it called at the house, exhibited but did not leave an order signed by Deland, and took away the trunk in a wagon also bearing the name of the "New York Transfer Company." If this evidence be accepted, it would be sufficient to establish prima facie a delivery to the defendant. I find it impossible, however, to credit the testimony. The witness was wholly unable to recall either the day of the month or of the week upon which the delivery was made, and was not even positive that it was in November. That the order was in fact given on November 3d was proven beyond question in a variety of ways, and must be taken as established. The manager of defendant's office testified that on the same day that the order was received he instructed a driver named Ragus to go and get the trunk, and Ragus testified that he did on that day, after 4 o'clock in the afternoon, go for the trunk, and that he was then informed that the trunk had been delivered to another man the day before. That Ragus did call for the trunk between 4 and 5 o'clock on some afternoon, and was told that the trunk had been delivered the day before, is conceded, as is also the fact that he was not the person to whom the delivery was actually made. These facts tend to throw doubt upon the story told by the plaintiff's witness, unless it is to be assumed that Ragus did not go for the trunk on the day that the order was given, but that some other driver was sent on that day, and Ragus sent afterwards; for, if any driver of defendant did receive the trunk, he must have been sent from the office, for it is said that he exhibited Deland's order, which had been left at the office. The defendant's agent very positively swears that he gave the order to no one but Ragus, and the latter is equally positive that he called for the trunk on the same day that he received the order, and in this he is corroborated by the call sheet for the day, kept in the regular course of business, which shows that it was on November 3d that the trunk was sent for. Indeed, the plaintiff's witnesses undertake to prove too much; for they swear that several days before still another of defendant's drivers called for the trunk, but refused to take it. It seems to me to be quite unreasonable to believe that defendant, having sent a driver who actually received the trunk, would on the next day send another driver for it; and yet this must be believed, if credence is to be given to the testimony of plaintiff's principal witness. Furthermore, it remains entirely unexplained why the witness, on delivering the trunk, did not either require Deland's order to be left with her, or at least ask for a receipt from the driver, since Deland had insisted upon giving an order, for the specific reason that the person in whose custody the trunk was would not deliver it without an order. While we are always reluctant to reverse a judgment merely upon a question of fact, we are constrained by the statute to render such judgment as justice requires; and where the evidence upon which a judgment rests is so improbable as it is in this case we can best serve the ends of justice by ordering a new trial.